**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Edward SAWYER,
Defendant–Appellant.**

**No. 03–2141.**

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Matthew G. Borgula, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

John M. Karafa, Grand Haven, MI, for Defendant–Appellant.

Before: GILMAN and COOK, Circuit Judges; and CLELAND, District Judge.*

### ORDER

James Edward Sawyer appeals from a district court judgment of conviction and sentence. The government has waived oral argument, and this court construes Sawyer's failure to respond to its show cause letter concerning oral argument as a waiver of such argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Sawyer pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Sawyer to 70 months of imprisonment and three years of supervised release, and the court imposed a $1,600 fine and a $100 special assessment. In this timely appeal, Sawyer argues that the district court improperly enhanced his Sentencing Guidelines range by four levels under USSG § 2K2.1(b)(5).

Upon review, we conclude that Sawyer's argument that the district court improperly applied § 2K2.1(b)(5) is without merit. This court reviews a district court's factual findings underlying a sentencing decision for clear error and gives due deference to the district court's application of a Sentencing Guideline to a factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001). Section 2K2.1(b)(5) provides that a defendant's base offense level should be enhanced by four levels if the defendant used or possessed a firearm in connection with another felony offense. The government has the burden of showing by a preponderance of the evidence that a nexus existed between the firearms and the other felony offense. *Ennenga*, 263 F.3d at 503.

The government has met its burden in this case. When he was arrested, Sawyer was found in possession of an AK–47 rifle. At his guilty plea hearing, Sawyer acknowledged buying the weapon with proceeds from drug trafficking and that he purchased the weapon to protect himself from other drug dealers. The district court relied on Sawyer's admissions to conclude that he had possessed the AK–47 in connection with his drug trafficking. Sawyer argues that the government did not

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

meet its burden of establishing the connection because no drugs were found on him or with the AK–47 at the time of his arrest. However, Sawyer's admissions at the plea hearing that he possessed the weapon because of his drug dealing were sufficient to demonstrate the connection between the AK–47 and another felony offense, and further evidence was unnecessary.

Accordingly, this court affirms the district court's judgment.